**[J-29A-2016, J-29B-2016, J-29C-2016] [MO: Baer, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 30 MAP 2015 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court at No. 1420 MDA 2013, dated |
| | : | April 14, 2014, Affirming the Order of |
| v. | : | the York County Court of Common |
| | : | Pleas, Criminal Division, at No. CP-67- |
| | : | CR-0001486-2010, dated July 19, 2013. |
| GABRIEL J. MARTINEZ, | : | |
| | : | ARGUED:  March 8, 2016 |
| Appellee | : | |

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 32 MAP 2015 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court at No. 1522 MDA 2013 dated |
| | : | April 14, 2014 Affirming the Order of the |
| v. | : | York County Court of Common Pleas, |
| | : | Criminal Division, at No. CP-67-CR- |
| | : | 0000227-2011, dated July 31, 2013. |
| ADAM MACKENZIE GRACE, | : | |
| | : | ARGUED:  March 8, 2016 |
| Appellee | : | |

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 34 MAP 2015 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court at No. 1422 MDA 2013 dated |
| | : | April 15, 2014 Affirming the Order of the |
| v. | : | York County Court of Common Pleas, |
| | : | Criminal Division, at No.CP-67-CR- |
| | : | 0006313-2005, dated July 19, 2013. |
| WAYNE PATRICK SHOWER, | : | |
| | : | ARGUED:  March 8, 2016 |
| Appellee | : | |

**CONCURRING OPINION**

**JUSTICE WECHT**                                        **DECIDED:  September 28, 2016**

I join the learned Majority in full.  The plea bargain is the engine that drives our criminal justice system.  Without that engine, the system would grind to a halt.  See generally Missouri v. Frye, 132 S.Ct. 1399, 1407-08 (2012).

Beyond this practical reality, there is a still larger reason that our law demands strict compliance with the terms of plea bargains entered into openly and fairly.  Plea bargains are indeed contracts.  Yet they differ significantly from the ordinary offer-consideration-acceptance contract.  A criminal defendant enters the court with an array of constitutional rights that he or she must surrender upon pleading guilty.  See Boykin v. Alabama, 395 U.S. 238, 243 (1969).  When a person yields rights that our federal and state Constitutions recognize as fundamental, strict performance is required of the prosecution.  This is so regardless of a subsequent change in the law, and irrespective of whether such change affects only a collateral consequence of the guilty plea.  In Commonwealth v. Hainesworth, 82 A.3d 444 (Pa. Super. 2013) (*en banc*), the Superior Court correctly insisted upon strict performance in such circumstances, and the Majority wisely does so in the cases *sub judice*.

Once the Majority reaches this conclusion, application of the rule to the appellees in these three cases is straightforward.  The record in each case demonstrates beyond peradventure that the plea bargain was predicated, at least in part, either upon avoiding Megan's Law entirely or upon limiting that provision's application to ten years instead of for the offender's lifetime.  Not all cases are as patent as these ones, nor is the record always so demonstrative.  Often, the particulars of the out-of-court negotiations will not appear in the official transcripts or the certified record, or what does appear of record will not be clear.

In such instances, it is incumbent upon the trial court in the first instance to consider the facts and circumstances in order to determine which terms, if any, were

included in the actual agreement reached by the parties and presented to the court for approval. Much, if not all, of the complexity and confusion that can arise in these situations can easily be avoided. To ensure that both parties receive that for which they bargained, and to ensure that constitutional rights are not waived without a full understanding of the consequences of pleading guilty, the parties should present a complete recitation of their agreement on the record before the court accepts or rejects the plea. Failure to do so unnecessarily jeopardizes the good faith bargain that the parties have negotiated.